[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for dissolution of marriage was tried over a period of two days. The trial was limited to financial issues because the parties were in agreement about the parenting plan. Both parties were represented by experienced counsel who called witnesses and introduced numerous exhibits. The court finds the following facts, and issues the following orders.
The plaintiff, Gerald Ellis, II, married the defendant, Chrissy Ellis, on September 3, 1988 in Winsted, Connecticut. Both parties have resided in Connecticut continuously since the date of the marriage, first in Wolcott for about three years, and then in Winsted. The parties have not been recipients of state or local financial assistance. The parties have two minor children of the marriage: Rebecca Ellis, born September 7, 1989, and Shelby Ellis, born May 26, 1993. No other minor children have been born to the defendant wife since the date of the marriage. The marriage has broken down irretrievably and there is no reasonable hope for reconciliation.
The plaintiff husband is 43 years old. He is in apparent good health. Following graduation from high school he enlisted in the Navy where he was trained in the maintenance and repair of vehicles and equipment. He was honorably discharged following 6 years of active duty in the Seabees. Just about the time of the marriage he began his present job as a fleet technician for UPS. He is a member of the Teamsters Union. He is vested in the union defined benefit pension plan which will pay him a monthly benefit of approximately $2,587 beginning at age 64. There was no evidence of the present value of this future benefit. The plaintiff also has a 401k through the Teamsters with a present value of $3,837. The plaintiff's weekly earnings were the subject of dispute on account of the overtime which is available to the plaintiff. Having considered the evidence and the arguments of both parties the plaintiff's weekly income is found to be $1,106 gross, and $786 net. CT Page 1918
The defendant wife is 43 years old and in good health. This is her second marriage, the first having ended in divorce with her having custody of two minor children. These children, both boys were approximately 6 and 3 when the defendant married the plaintiff. They are now both adults. The defendant is a high school graduate who has had a variety of jobs during her life. She had worked as a secretary at Waterbury Hospital for a number of years at the time of the marriage. She left that job when the parties' first child was born and she did not return to the workplace for about 6 years while she cared for her children at home. Until her two older children reached 18, she received child support of $200 per week which was contributed to the family account. For the past year the defendant has worked as a dental assistant at a dental office in Winsted with gross earnings of $379 per week, and net earnings of $342 per week. She cleans houses on the side and nets about $100 per week. In addition, she receives rent from her two adult children of approximately $100 per week. Her total gross weekly income from her two jobs and from her rentals is approximately equal to her income from her previous job as a house keeper for a wealthy woman. Her total gross weekly income is found to be $612. This results in total net weekly earnings of $506 per week.
At the time of the marriage the defendant owned a house and furniture in Wolcott in which she had approximately $40,000 of equity. She also had a car and a small savings account. The plaintiff had a gun collection, a car, a motorcycle, a truck, and various other vehicles when the parties were married.
The breakdown of the marriage began when the defendant's oldest son became a teenager. The plaintiff husband was unable to deal with the stress of being a step-father to a defiant young man who tested both parties. Arguments ensued between the parties over the proper way to deal with the defendant's son. These arguments ultimately resulted in the defendant's arrest and removal from the family home on a charge of threatening. These differences between the parties were exacerbated by an ever-worsening financial situation caused by the plaintiff's reckless borrowing to purchase unnecessary "big ticket" vehicles beyond the financial means of the parties, the result of which has been bankruptcy petitions filed by both parties.
The defendant wife lives with her four children in the former marital home in Winsted. The plaintiff has quit claimed his interest in the home to the defendant. The property is valued at $155,000 and is encumbered with two mortgages with balances totaling in excess of $210,000. Therefore, the defendant has no equity in the property. In the defendant's Chapter 13 bankruptcy the defendant is attempting to have the CT Page 1919 second mortgage of approximately $40,000 treated as an unsecured debt. It is probable that this will happen if the defendant can show the court a balanced budget which can be approved. Even if this happens, the defendant will not have any equity in the property. However, she will be able to continue to live in the house and provide a home for her children.
Neither party pays for life insurance. There was no evidence offered as to the cost or availability of life insurance to either party. It is unclear whether the plaintiff has life insurance available through his union at no cost to him.
In making its findings of fact and orders, the court has considered the evidence, the demeanor and credibility of the witnesses, and the statutory criteria set forth in Sections 46b-62, 46b-81, and 46b-82. The court issues the following orders.
 1. The marriage is dissolved.
2. The parties shall share joint legal custody of the minor children. The children shall reside primarily with the defendant wife. The plaintiff husband shall have reasonable, liberal and flexible rights of visitation to include, at a minimum, every other weekend from Friday after school through Sunday at 5:00 p.m. The parties shall alternate holidays and share or alternate school vacations. The plaintiff husband shall be entitled to two full non consecutive weeks of visitation during the summer school vacation. The parties shall be entitled to reasonable telephone contact with the children when the children are with the other party. The parties will keep each other informed as to the children's whereabouts.
3. Pursuant to the Child Support Guidelines the plaintiff husband shall pay to the defendant wife child support in the amount of $217 per week. Child support shall be payable until each child attains the age of 18 years, but if still in high school, support shall continue through high school graduation but not beyond the age of 19 years. Child support is to be paid pursuant to a contingent wage withholding order.
4. The plaintiff shall maintain medical, optical, dental, and orthodontic insurance for the benefit of the minor children as is available to him at reasonable cost through his employment. Any medical, optical, dental, and orthodontic expenses not covered by the plaintiff's medical insurance shall be paid first from any medical savings account which the plaintiff is permitted to establish through his employment, and then any unpaid balance shall be shared by the parties in the following CT Page 1920 percentages: 44% by the plaintiff, and 56% by the defendant.
5. The defendant may remain on the plaintiff's medical plan under COBRA at her cost if she elects to do so.
6. The plaintiff husband shall pay periodic alimony to the wife in the amount of $150 per week. Alimony shall be payable until the death of either party, the remarriage of the plaintiff, or 8 years from the date of this judgment, whichever occurs first. Alimony shall be non-modifiable as to duration only.
7. The defendant wife shall be the sole owner of the marital residence and all contents at 191 Spencer Hill Road in Winsted, free and clear of any claims of the plaintiff. The defendant shall be solely responsible for payment of the taxes and the two mortgages on the property. The defendant shall indemnify and hold the plaintiff harmless from liability for these obligations.
8. The plaintiff shall transfer to the defendant, by Qualified Domestic Relations Order, 50% of plaintiff's interest in his pension through the Teamsters Union. The defendant's attorney is ordered to prepare the necessary transfer documents, and both parties are ordered to sign any documents necessary to effectuate this transfer. The provisions of this paragraph encompass a property order and not alimony. The court shall retain jurisdiction to carry out the provisions of this paragraph. The plaintiff shall retain his Teamsters 401k, free and clear of the claims of the defendant.
9. The balance of the joint tax refund in the escrow account held by Attorney Levy shall be paid to the defendant, free and clear of the claims of the plaintiff.
10. The parties shall each be solely responsible for paying the debts listed on their respective financial affidavits.
11. The parties shall each retain their own savings and checking accounts, free and clear of the claims of the other.
12. The plaintiff shall name the defendant as sole beneficiary of any life insurance policies available to the plaintiff at no cost through his employment. This designation shall continue and be irrevocable until his obligation to pay child support and alimony ends.
13. The parties shall each be entitled to claim one tax exemption for the minor children. When there is only one minor child, the parties shall CT Page 1921 alternate the exemption with the plaintiff taking the first year.
14. The court retains jurisdiction of this case for the sole purpose of acting on a motion for an educational support order filed by either parent at a subsequent date pursuant to Public Act 02-128.
15. The defendant wife's maiden name of Rocco is restored.
16. The parties shall pay their own counsel fees.
John W. Pickard
Judge of the Superior Court CT Page 1922